**COZEN O'CONNOR**
Valerie D. Rojas (State Bar No. 180041)
vrojas@cozen.com
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: (213) 892-7965
Facsimile:  (213) 784-9076

Counsel for Plaintiff NATIONWIDE
MUTUAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELLER GEM CORPORATION, a California corporation,<br><br>Defendant,<br>-And-<br><br>PRUDENCIA ALIVIA, an individual; WENCYLITO ALIVIA, an individual; EMMA LUISA ELLIS, an individual; LAARNI REYES, an individual; ERNESTO ALIVIA, JR., an individual; and THE ESTATE OF ERNESTO ALIVA,<br><br>Nominal Defendants. | Case No.:<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment against Eller Gem Corporation ("Eller") alleges as follows:

1.     Nationwide brings this action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and 1332.

/ / / /

/ / / /

## PARTIES

2.    Nationwide is an insurance company duly organized and existing under the laws of the State of Ohio with its principal office located in Columbus, Ohio.

3.    Eller is a corporation duly organized under the laws of the State of California with its principal place of business located in Rancho Cucamonga, California.

4.    On or about May 17, 2021, Prudencia Alivia, Wencylito Alivia, Emma Luisa Ellis, Laarni Reyes, Ernesto Alivia, Jr., and The Estate of Ernesto Alivia (collectively, the "Nominal Defendants") filed a lawsuit against Eller, Case No. 21STCV18332, in the Superior Court of the State of California ("Underlying Action"). A copy of the original complaint filed in the Underlying Action is attached hereto as **"Exhibit 1."** Prudencia Alivia, Wencylito Alivia, Emma Luisa Ellis, Laarni Reyes, Ernesto Alivia, Jr., and The Estate of Ernesto Alivia are being named as nominal defendants.

## JURISDICTION AND VENUE

5.    This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purposes of determining a question of actual controversy between the parties.

6.    The Court has jurisdiction based upon 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 because the Policy sued upon here was made and entered into Rancho Cucamonga, California, and a substantial portion of the events and omissions giving rise to the claim occurred there.

/ / / /

/ / / /

/ / / /

## FACTUAL ALLEGATIONS

### The Policy

8.    Nationwide issued Commercial General Liability package policy No. ACP GLO 3009611477 to Gem Adult Homes Corp (the "Policy") effective for the period from March 10, 2020 to March 10, 2021 (the "Policy Period"). A copy of the Policy is attached hereto as **"Exhibit 2."**

9.    Eller is intended to be an insured under the Policy.

10.    Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides, in relevant part, coverage under a Commercial General Liability Coverage Form ("GL Section") and a Human Services Professional Liability Endorsement ("PL Section") (Ex. 2 at Commercial General Liability Declaration and Human Services Professional Liability Endorsement)

### The GL Section

11.    Section I, Coverage A of the GL Section provides that Nationwide will pay those sums that the insured becomes legally obligated to pay as "bodily injury" to which the GL Section applies. The GL Section, in relevant part, applies to "bodily injury" only if it is caused by an "occurrence" that takes place in the "coverage territory"; the "bodily injury" occurs during the policy period; and prior to the policy period no insured and no employee authorized to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" had occurred. (Ex. 2 at GL Section I – Coverages, Coverage A)

12.    "Bodily injury" is defined in the GL Section to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Ex. 2 at GL Section V.3.)

13.    "Occurrence" is defined in the GL Section to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. 2 at GL Section V.13.)

/ / / /

- 3 -

14. "Coverage territory" is defined in the GL Section, in relevant part, to mean the "United States of America (including its territories and possessions), Puerto Rico and Canada." (Ex. 2 at GL Section V.4.)

15. "Employee" is defined in the GL Section to include a "leased worker" but not a "temporary worker". (Ex. 2 at GL Section V.5.)

16. The Policy states that the GL Section does not apply to any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law (the "GL Workers' Compensation Exclusion"). (Ex. 2 at GL Section, Coverage A, Exclusions d.)

17. The Policy states that the GL Section does not apply to "bodily injury" to (1) an "employee" of the insured arising out of and in the course of: (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business; or (2) the spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above. This exclusion applies whether the insured may be liable as an employer or in any other capacity to any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability assumed by the insured under an "insured contract". (the "GL Employer's Liability Exclusion"). (Ex. 2 at GL Section, Coverage A, Exclusions e.)

18. The GL Section's conditions state, in relevant part, that by accepting this policy, you agree: a. the statements in the Declarations are accurate and complete; b. those statements are based upon representations you made to us; and c. we have issued this policy in reliance upon your representations. (Ex. 2 at GL Section IV.6.)

**The PL Section**

19. The PL Section's Insuring Agreement provides that Nationwide will pay those sums that the insured becomes legally obligated to pay as "damages" arising out of a "professional occurrence" in the course of performing professional services for, or on behalf of, your human services organization to which the Policy applies.

- 4 -

The PL Section applies to "damages" only if the "damages" result from a "professional occurrence" that takes place in the "coverage territory" and the "professional occurrence" occurs during the policy period. (Ex. 2 at PL Section I – Coverages, 1. Insuring Agreement).

20.    "Damages" is defined in the PL Section to mean a monetary: judgment; award; or settlement, but does not include fines, sanctions, penalties, punitive or exemplary damages or the multiple portion of any damages. (Ex. 2 at PL Section V.E.)

21.    "Coverage territory" is defined in the PL Section, in relevant part, to mean the "United States of America (including its territories and possessions), Puerto Rico and Canada." (Ex. 2 at PL Section V.D.)

22.    "Professional occurrence" is defined in the PL Section to mean "any actual or alleged negligent act, error or omission in the furnishing or failing to furnish professional services to others in your capacity as a human services organization including, but not limited to, counseling services and the furnishing of food, beverages, medications or appliances in connection with your professional services. (Ex. 2 at PL Section V.N.)

23.    The Policy states that the PL Section does not apply to "damages" arising out of any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law (the "PL Workers' Compensation Exclusion"). (Ex. 2 at PL Section, Exclusions 2.j.)

24.    The Policy states that the PL Section does not apply to "damages" arising out of injury to any insured, or any consequential injury to the spouse, child, parent, brother or sister of that insured. This exclusion applies (1) whether the insured may be liable as an employer or in any other capacity; and to any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury. (the "PL Employee Injury Exclusion"). (Ex. 2 at PL Section, Exclusions 2.i.)

/ / / /

25. The PL Section's conditions state, in relevant part, that by accepting this policy, you agree: 1. the statements in the Declarations are accurate and complete; 2. those statements are based upon representations you made to us; and 3. we have issued this policy in reliance upon your representations. (Ex. 2 at PL Section IV.G.)

26. The application states that there will be no coverage for any insured who knew of any misrepresentation or misstatement of a material fact in the application.

### The Claim

27. On or about May 17, 2021, the Nominal Defendants filed the Underlying Action against Eller. (Ex. 1).

28. The Underlying Action alleges that Decedent Ernesto Alivia ("Decedent") was a live-in nurse employed by Eller, which operates "board and care" style care facilities. (Ex. 1.)

29. On November 22, 2020, at the height of the COVID-19 pandemic, Eller allowed a resident at its facility located at 18469 East Orkney Street, where Decedent worked and resided to be visited by family members for a birthday celebration. One of the resident's family members was infected with COVID-19 and spread the virus to all employees and residents of Eller, including Prudencia Alivia and Decedent. As a result, Decedent died from COVID-19 related complications on January 7, 2021. (Ex. 1)

30. The Underlying Action asserts causes of action against Eller for negligence in failing to protect its employees and residents; loss of consortium and wrongful death. (Ex. 1)

### Nationwide's Coverage Position

31. After the Underlying Action was tendered to Nationwide for coverage under the Policy, on or about October 19, 2021, Nationwide sent a letter to the authorized representative of Gem Adult Homes Corp indicating that Nationwide evaluated the Policy along with the documents that were tendered and determined

- 6 -

that there was no coverage under the Policy for the Underlying Action. A copy of the October 19, 2021 letter is attached hereto as **"Exhibit 3."**

32.   On   December 22, 2025, more than four years after Nationwide disclaimed coverage for the Underlying Action, Eller's defense counsel sent a letter to Nationwide requesting that Nationwide reevaluate coverage under the GL Section in light of facts elicited during discovery. A copy of the December 22, 2025 letter is attached hereto as **"Exhibit 4."**

33.   On January 9, 2026, Nationwide requested additional information, including the new facts and circumstances that have arisen that transformed the Underlying Action into a covered loss. A copy of the January 9, 2026 letter is attached hereto as "**Exhibit 5."**

34.   On January 16, 2026, Eller's defense counsel sent Nationwide a letter alleging that Decedent was "not only an employee" of Eller, but "also a resident" of Eller's facility where he was exposed to COVID-19. Eller's defense counsel attached a copy of Eller's Mandatory Settlement Conference brief and portions of Prudencia Alivia's deposition transcript. A copy of the January 16, 2026 letter is attached hereto as **"Exhibit 6."**

35.   On January 23, 2026, Nominal Defendants' counsel sent a letter to Nationwide, which mirrored the arguments made in Eller's January 16, 2026 letter, advising of a Mandatory Settlement Conference("MSC") scheduled for January 28, 2026 and the judge's order that all parties, counsel, and insurance adjusters attend in person. In addition, Nominal Defendants' counsel demanded that Nationwide tender the Policy's $1 million limits to settle the Underlying Action. A copy of the January 23, 2026 letter is attached hereto as **"Exhibit 7."**

36.   Nationwide attended and appointed counsel for the limited purpose of attending the MSC.

37.   On February 23, 2026, Nationwide sent a letter to Eller's defense counsel indicating that it reevaluated coverage under the Policy for the Underlying

Action in light of the documents produced and documents obtained by Nationwide through independent efforts. Nationwide reiterated is disclaimer of coverage under the Policy, including under the GL Section and the PL Section. A copy of the February 23, 2026 letter is attached hereto as **"Exhibit 8."**

38. Also on February 23, 2026, Nationwide sent a letter to Nominal Defendants' counsel and rejected the demand that Nationwide tender it $1 million limits. In particular, the Nationwide noted that the GL Section Employer's Liability exclusion precluded coverage for the Underlying Action. A copy of the February 23, 2026 letter is attached hereto as **"Exhibit 9."**

39. On April 3, 2026, Nominal Defendants' counsel sent a letter to Nationwide accusing Nationwide of bad faith and demanded that Nationwide settle the Underlying Action for $1 million pursuant to Nominal Defendants' CCP §998 Statutory Offer to Compromise ("§998 Offer"). A copy of the April 3, 2026 letter is attached hereto as **"Exhibit 10."**

40. On April 14, 2026, Nationwide sent Nominal Defendants' counsel a letter reiterating Nationwide's coverage position and rejecting Nominal Defendants' §998 Offer. A copy of the April 14, 2026 letter is attached hereto as **"Exhibit 11."**

## COUNT I – DECLARATORY JUDGMENT AS TO THE GL WORKERS' COMPENSATION EXCLUSION

41. Nationwide hereby adopts by reference the allegations contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. An actual, present, and justiciable controversy exists concerning whether the GL Workers' Compensation Exclusion precludes coverage for the Underlying Action insofar as Decedent would have been entitled to workers' compensation benefits but for Eller not having workers' compensation insurance.

43. Nationwide requests that the Court declare that there is no coverage for the Underlying Action because the GL Workers' Compensation Exclusion precludes

coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT AS TO THE PL WORKERS' COMPENSATION EXCLUSION

44. Nationwide hereby adopts by reference the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. An actual, present, and justiciable controversy exists concerning whether the PL Workers' Compensation Exclusion precludes coverage for the Underlying Action insofar as Decedent would have been entitled to workers' compensation benefits but for Eller not having workers' compensation insurance.

46. Nationwide requests that the Court declare that there is no coverage for the Underlying Action because the PL Workers' Compensation Exclusion precludes coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action.

## COUNT III - DECLARATORY JUDGMENT AS TO THE GL EMPLOYER'S LIABILITY EXCLUSION

47. Nationwide hereby adopts by reference the allegations contained in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. An actual, present, and justiciable controversy exists concerning whether the GL Employer's Liability Exclusion precludes coverage for the Underlying Action insofar as Decedent was an employee of Eller and Decedent's alleged injuries arose out of and in the course of Decedent's employment with Eller; or Decedent's performing duties related to the conduct of Eller's business; the Nominal Defendants' are not entitled to damages because coverage for Decedent's injuries are precluded by the GL Employer's Liability Exclusion; and, the GL Employer's Liability exclusion broadly applies whether Eller may be liable as an employer or in any other capacity.

49. Nationwide requests that the Court declare that there is no coverage for the Underlying Action because the GL Employer's Liability Exclusion precludes

coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action.

## COUNT IV – DECLARATORY JUDGMENT AS TO THE PL EMPLOYEE INJURY  EXCLUSION

50.    Nationwide hereby adopts by reference the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.    An actual, present, and justiciable controversy exists concerning whether the PL Employee's Injury Exclusion precludes coverage for the Underlying Action insofar as Decedent is an insured as an employee of Eller and the Underlying Action arose out of injury to Decedent; the Nominal Defendants' are not entitled to consequential damages because coverage for Decedent's injuries are precluded by the PL Employee's Injury Exclusion; and, the PL Employee's Injury Exclusion broadly applies whether Eller may be liable as an employer or in any other capacity.

52.    Nationwide requests that the Court declare that there is no coverage for the Underlying Action because the PL Employee's Injury Exclusion precludes coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action.

## COUNT V – DECLARATORY JUDGMENT AS TO THE GL SECTION'S REPRESENTATIONS CONDITION

53.    Nationwide hereby adopts by reference the allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.    Nationwide requests that the Court declare that there is no coverage for the Underlying Action because the Gem Adult Homes Corp breached the GL Section's Representations Condition and because the claim is excluded under the application exclusion, and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action.

/ / / /

/ / / /

NATIONWIDE MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

## COUNT VI – DECLARATORY JUDGMENT AS TO THE PL SECTION'S REPRESENTATIONS CONDITION

55.    Nationwide hereby adopts by reference the allegations contained in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.    Nationwide requests that the Court declare that there is no coverage for the Underlying Action because the Gem Adult Homes Corp breached the PL Section's Representations Condition and because the claim is excluded under the application exclusion, and as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, Nationwide prays that this Court enter an Order:

1.    declaring that there is no coverage for the Underlying Action under the Policy because the GL Workers' Compensation Exclusion precludes coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

2.    declaring that there is no coverage for the Underlying Action under the Policy because the PL Workers' Compensation Exclusion precludes coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

3.    declaring that there is no coverage for the Underlying Action under the Policy because the GL Employer's Liability Exclusion precludes coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

4.    declaring that there is no coverage for the Underlying Action under the Policy because the PL Employee's Injury Exclusion precludes coverage and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

5. declaring that there is no coverage for the Underlying Action under the Policy because Gem Adult Homes Corp breached the GL Section's Representations Condition and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

6. declaring that there is no coverage for the Underlying Action under the Policy because Gem Adult Homes Corp breached the PL Section's Representations Condition and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

7. declaring that that Nationwide may rescind the Policy based on Gem Adult Homes Corp's material misrepresentations and, as a result, Nationwide is not obligated to defend or indemnify Eller in connection with the Underlying Action;

8. awarding Nationwide its costs and expenses; and

9. awarding Nationwide all other relief that the Court deems just and equitable.

DATED: May 11, 2026          **COZEN O'CONNOR**

 */s/ Valerie Rojas*
Valerie Rojas
Attorneys for Plaintiff NATIONWIDE
MUTUAL INSURANCE COMPANY

NATIONWIDE MUTUAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT